UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LANISHA P,

                              Plaintiff,

              v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                             Defendant.
_____

**DECISION
and
ORDER

20-CV-350F
(consent)**

APPEARANCES:         LAW OFFICES OF KENNETH HILLER, PPLC
                                Attorneys for Plaintiff
                                KENNETH R. HILLER, and
                                JEANNE ELIZABETH MURRAY, of Counsel
                                6000 North Bailey Avenue, Suite 1A
                                Amherst, New York  14226

                                JAMES P. KENNEDY, JR.
                                UNITED STATES ATTORNEY
                                Attorney for Defendant
                                Federal Centre
                                138 Delaware Avenue
                                Buffalo, New York  14202
                                        and
                                KEEYA MARIE JEFFREY
                                Special Assistant United States Attorney, of Counsel
                                Social Security Administration
                                Office of General Counsel
                                26 Federal Plaza, Room 3904
                                Kansas City, Missouri  64106

## JURISDICTION

On April 6, 2021, the parties to this action, consented pursuant to 28 U.S.C. §

636(c) to proceed before the undersigned.  (Dkt. 14).  The matter is presently before the

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

court on motions for judgment on the pleadings filed by Plaintiff on December 30, 2020 (Dkt. 11), and by Defendant on March 1, 2021 (Dkt. 12).

## BACKGROUND

Plaintiff Lanisha P. ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(g) seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications initially filed with the Social Security Administration ("SSA"), on April 14, 2017, for Supplemental Security Income ("SSI" or "disability benefits") under Title XVI of the Act, AR[2] at 160-68, alleging she became disabled on May 1, 2008, based on Type 2 diabetes, chronic back pain, left eye blurred vision, anxiety, and heartburn. AR at 160, 177, 181. Plaintiff's SSI application initially was denied on May 23, 2017, AR at 79-92, and on November 26, 2018, an administrative hearing, held via videoconference, was conducted by administrative law judge Andrew J. Soltes, Jr. ("the ALJ"), located in Albany, New York. AR at 41-78. Appearing and testifying at the hearing in Horseheads, New York, were Plaintiff, represented by Jeanne Murray, Esq., and impartial vocational expert Cherie Plante ("the VE"). On February 21, 2019, the ALJ issued an unfavorable decision. AR at 7-28 ("the ALJ's decision"). On March 24, 2020, Plaintiff commenced the instant action challenging the ALJ's decision.

On December 30, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 11) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of the Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11-1) ("Plaintiff's Memorandum"). On March 1, 2021, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's

---

[2] References to "AR" are to the page numbers of the Administrative Record electronically filed by Defendant on September 20, 2020. (Dkt. 8).

Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 12-1) ("Defendant's Memorandum").  Filed on March 22, 2021, was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 13) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Lanisha P. ("Plaintiff"), born January 18, 1971, was 37 as of her alleged disability onset date ("DOD") of May 1, 2008, AR at 48, 160, 177, 181, and 48 years old as of February 21, 2019, the date of the ALJ's Decision.  AR at 25.  Plaintiff is not married and lives with her two children, ages 12 and 17.  AR at 48.  Plaintiff attended high school through grade 9, where she was in special education classes, but did not graduate, has not obtained a GED, nor completed any specialized job training, trade, or vocational school  AR at 53, 182.  Plaintiff's past relevant work ("PRW") includes as a cashier, a cleaner, and a line worker at a factory.  AR at 182.  Plaintiff asserts her DOD is May 1, 2008 because that is the date Plaintiff was diagnosed with diabetes.  AR at 48.  Plaintiff has a driver's license and drives about three times a month, mostly to the grocery store, and does not drive at night because of poor vision.  AR at 50-51.  Plaintiff also uses public transportation.  AR at 51-52.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

It is undisputed that Plaintiff suffers from Type 2 diabetes, with which Plaintiff was diagnosed on May 1, 2008, the date Plaintiff alleges she became unable to work.  On May 3, 2016, Plaintiff injured her left shoulder working as a housekeeper at the Adam's Mark Hotel in Buffalo, New York, and on May 15, 2016, Plaintiff presented to Erie County Medical Center ("ECMC") for treatment of the injury.  As a result of diabetes, Plaintiff developed cataracts in both eyes, and on December 12, 2017, Plaintiff underwent surgery on the left eye performed by Amarjit Atwal, M.D. ("Dr. Atwal"), but did not have surgery on her right eye.  On January 18, 2018, Plaintiff was treated at ECMC emergency room ("ER") for back pain after being hit by a car while a pedestrian.

During the period relevant to this action, Plaintiff obtained primary care at Urban Family Practice ("Urban Family") from May 1, 2007 to December 11, 2013.  AR at 498-536.  On March 29, 2016, Plaintiff began receiving primary care at Medical Care of WNY ("Medical Care – WNY"), where Plaintiff's primary care physician was Michael Calabrese, M.D. ("Dr. Calabrese"), and Plaintiff was also treated by physician assistant Elise R. Cruce, RPA-C ("PA Cruce"), and nurse practitioner Gretchen Kiehl ("NP Kiehl"). AR at 214-36, 404-89, 493-97.  When Plaintiff sought treatment at ECMC for her work injury on May 15, 2016, she was treated by Anthony J. Billitier, M.D. ("Dr. Billitier"), and physician's assistant Donald G. Busse ("PA Busse").  AR at 297-302.  In connection with her work injury, Plaintiff also attended physical therapy at RES Physical Medicine and Rehab Services ("RES"), where she was treated by rehabilitation specialist Cheryle Hart, M.D. ("Dr. Hart").  AR at 358-61.  Plaintiff received mental health care through Horizon Health Services ("Horizon") from May 1, 2007 to March 7, 2018.  AR at 537-615.

In connection with her disability benefits application, Plaintiff underwent a psychiatric evaluation by psychologist Susan Santarpia, Ph.D. ("Dr. Santarpia") on May 6, 2017, AR at 337-42, and an internal medicine evaluation by Samuel Balderman, M.D. ("Dr. Balderman") on May 11, 2017.  AR at 377-82.  On May 23, 2017, Plaintiff's medical record was reviewed by A. Holmberg, M.D. ("Dr. Holmberg"), DHHS review physician, and by O. Austin-Small, Ph.D. ("Dr. Austin-Small"), DHHS review psychologist.  AR at 79-91.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*., 523 Fed.Appx. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

2.   **Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner

bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 21, 2017, the application date, AR at 12, and suffers from the severe impairments of degenerative disc disease, spondylosis, a partial left shoulder supraspinatus (small muscle in back of shoulder) thickness tear with subacromial bursitis and calcific tendinitis, type 2 diabetes mellitus, obesity, blurred vision occasionally due to diabetes, and anxiety, *id*. at 12-13, but that based on evidence in the record, Plaintiff's other impairments including asthma, and gastroesophageal reflux disease ("GERD"), caused no more than minimal limitations on Plaintiff's ability to work and are thus non-severe, *id*., and that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 13-16.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except she must alternate between sitting and standing at will, remain on task while alternating positions, can frequently, as opposed to constantly, finger and handle, occasionally stoop, kneel, crouch, and crawl, occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds, cannot work at unprotected heights or use a motor vehicle for work purposes, has limited visual acuity

with her left eye limiting Plaintiff to frequent near and far acuity, retains the ability to avoid common workplace hazards such as doorways, open stairwells, and office equipment and furniture, has no visual limitations with respect to her right eye, can perform simple, routine tasks and make basic work-related decisions, and can handle no more than rare changes in the workplace setting.  AR at 16-24.  The ALJ also found Plaintiff has no PRW, AR at 24, and given Plaintiff's age, education, ability to communicate in English, and without regard to the transferability of any skills from her PRW, other jobs exist in significant numbers in the national economy which Plaintiff can perform including as a router, cashier, and office helper.  AR at 24-25.  Based on these findings, the ALJ determined that since filing her disability benefits application on March 21, 2017, Plaintiff has not been disabled as defined under the Act.  *Id*. at 25.

Plaintiff argues in support of judgment on the pleadings that the ALJ rejected all opinion evidence of record, thereby relied on his own lay opinion in assessing Plaintiff's RFC, which the ALJ failed to tether to the evidence, and failed to develop the record.  Plaintiff's Memorandum at 16-25.  In opposition, Defendant argues the ALJ's decision is supported by substantial evidence in the record because Plaintiff's treatment records document mostly unremarkable physical and mental examinations, Defendant's Memorandum at 6-8, the ALJ reasonably weighed all medical opinion evidence, *id*. at 8-15, and sufficiently explained the basis for his RFC determination.  *Id*. at 16-19.  In reply, Plaintiff summarizes her previous arguments that the ALJ rejected all opinion evidence of record, relied on his lay opinion in assessing the RFC, failed to tether the RFC to the evidence, and failed to develop the record.  Plaintiff's Reply at 1-3.  There is no merit to Plaintiff's arguments.

With regard to Plaintiff's argument that the ALJ improperly weighed the various medical opinions of record, Plaintiff's Memorandum at 16-18, a plain reading of the record establishes the ALJ did not improperly weigh such opinions. In particular, the ALJ's decision includes a brief discussion of each medical opinion in the record, including from Plaintiff's primary care physician Dr. Calabrese, PA Cruce, NP Kiehl, Dr. Billitier and PA Busse, Dr. Hart, Dr. Atwal, Dr. Balderman, Dr. Holmberg, Dr. Santarpia, and Dr. Austin-Small. AR at 22-24. To each of these opinions, the ALJ gave "little weight" with the exception of Dr. Holmberg's opinion to which the ALJ gave "some weight." *Id*. With regard to the opinions of Dr. Calabrese and PA Cruce that Plaintiff has a temporary total disability based on her work-related left shoulder injury, AR at 218, 223, 371, 376, the ALJ found such opinions are "administrative findings dispositive of a case" which are issues reserved to the Commissioner, and the opinions are not consistent with the medical evidence of record as well as with the claimant's activities. Significantly, as the ALJ found, the "ultimate finding of whether a claimant is 'disabled' is 'reserved to the [C]ommissioner. . . ." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). *See also* 20 C.F.R. § 404.1527(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."). Further, a careful review of these opinions establishes they were rendered in the context of Plaintiff's Workers' Compensation claim stemming from her work injury and to which different standards apply which are not binding with regard to disability benefit claims under the Act. *See Maria J. v. Comm'r of Soc. Sec.*, 2020 WL 7296751, at * 7 (W.D.N.Y. Dec. 11, 2020) (collecting cases). AR at 215, 220, 368, 373. Accordingly, the ALJ did not err in affording these opinions "little weight."

On May 13, 2016, NP Kiehl provided a statement, again in connection with Plaintiff's Workers' Compensation claim that Plaintiff was limited to sedentary work, required physical therapy and orthopedic referral for one month, after which Plaintiff's progress would be reevaluated . AR at 278. Not only is this opinion an ultimate disability determination issued in the context of Workers' Compensation, but it is of short duration and unaccompanied by any functional assessment either on May 13, 2016, or one month later. AR at 22. Accordingly, the ALJ did not err in affording this opinion "little weight." *Snell*, 177 F.3d at 133; *Maria J.*, 2020 WL 7296751, at * 7. Similarly, Dr. Hart's June 28, 2016 opinion that Plaintiff was temporarily and totally disabled from working was in the context of Workers' Compensation, AR at 358-61, thus rendered pursuant to other regulations not applicable here. *Maria J.*, 2020 WL 7296751, at * 7.

Although in their respective opinions, Dr. Hart, Dr. Atwal, and NP Kiehl each stated Plaintiff was disabled, these opinions were accompanied by short, temporal limitations. *See* AR at 278 (NP Kiehl assessing Plaintiff on May 13, 2016, as temporarily disabled for one month following her shoulder injury, for which further evaluation was needed after one month of physical therapy), 358-61 (Dr. Hart finding Plaintiff was temporarily disabled based on her work-related injury); and 392-403 (Dr. Atwal recommending Plaintiff, for one week after her left eye cataract surgery, avoid heavy lifting, straining, and bending at the waist, and wear a protective eye shield while sleeping). Similarly, Dr. Billitier's May 15, 2016 statement, made after examining Plaintiff at ECMC on May 15, 2016, that Plaintiff should not push, pull or lift with her left arm, was not rendered in connection with any long-term treating relationship and was

11

intended to be temporary while Plaintiff recovered from her injury.  AR at 297-301.  As such, the ALJ did not err in discounting these opinions.

With regard to the opinions of Dr. Balderman, Dr. Holmberg, Dr. Santarpia, and Dr. Austin-Small, the ALJ discounted each of these opinions because the medical sources did not consider all of Plaintiff's impairments and, as such, assessed Plaintiff with fewer limitations than found by the ALJ.  AR at 23-24.  In particular, that ALJ found Dr. Balderman did not consider Plaintiff's neck, back, and left shoulder complaints and associated clinical and diagnostic findings, diabetes or her non-severe medically determinable impairments, AR at 23 (citing AR at 378-82); Dr. Holmberg did not examine Plaintiff and did not address Plaintiff's environmental limitations, *id*. (citing AR at 79-91); Dr. Santarpia did not find Plaintiff had severe anxiety resulting in any limitations, *id*. (citing AR at 338-42); and Dr. Austin-Small did not examine Plaintiff and did not adequately consider Plaintiff's subjective complaints.  *Id*. at 23-24 (citing AR at79-91).  The ALJ thus discounted these opinions for failing to account for all of Plaintiff's limitations.  At most, any error attributable to the ALJ's formulation of an RFC with more restrictions than supported by the record is harmless.  *See Ramsey v. Comm'r of Soc. Sec.*, 830 Fed.Appx. 37, 39 (2d Cir. 2020) (affirming the district court's decision upholding the ALJ's decision although "the ALJ occasionally deviated from the consultative examiners' recommendations to *decrease* [the plaintiff]'s RFC based on other evidence in the record, exemplified by the ALJ's determination that [the plaintiff] should not interact with the public.  The ALJ committed no error by determining the scope of [the plaintiff]'s RFC because that is his responsibility.") (italics in original); *Ellen A. v. Saul*, 2021 WL 1087949, at *4 (W.D.N.Y. Mar. 22, 2021) (even if the ALJ errs by

formulating an RFC that is technically unsupported by the record because it assesses greater limitations than contained within the medical opinions of record, such error is harmless); *Smith v. Comm'r of Soc. Sec.*, 2020 WL 4333340, at *3 n. 2 (W.D.N.Y. Jul. 28, 2020) (noting "Plaintiff also appears to take issue with how the ALJ evaluated the opinion of the non-examining state agency consultant, but precisely what fault Plaintiff finds is not clear.  As far as the Court can tell, it appears that the ALJ found Plaintiff to be more limited than the state agency consultant."); *Wynn v. Comm'r of Soc. Sec.*, 342 F.Supp.3d 340, 347-48 (W.D.N.Y. 2018) (finding the ALJ properly assigned "little weight" to the opinions of consultative medical sources that "included fewer mental and physical work-related limitations" than the ALJ included in the RFC assessment). Accordingly, the ALJ's weighing of each of the medical source opinions of record was not improper.

Nor did the ALJ err in determining an RFC for Plaintiff that is not precisely supported by any medical opinion of record so as to be a "lay opinion." *See Pamela R. v. Comm'r of Soc.Sec.,* 2021 WL 1546146, at *3 (W.D.N.Y. Apr. 20, 2021) ("An ALJ . . . may not substitute his lay opinion for a medical expert's opinion.").  "[It is not *per se* error for an ALJ to make the RFC determination absent a medical opinion, and remand is not necessary where the record contains sufficient evidence from which an ALJ can assess [the plaintiff]'s RFC."  *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. 2013) (lack of a medical opinion that precisely tracks the ALJ's RFC determination does not establish a gap in the record the ALJ was required to fill).  Here, the ALJ's RFC determination is supported by substantial evidence in the record.

Specifically, Dr. Holmberg, to whose opinion the ALJ gave "some weight," found Plaintiff could perform light work, but did not include the postural limitations found by the ALJ with regard to stooping, kneeling, crouching, crawling, climbing ramps and stairs, inability to climb ladders, ropes, and scaffolds, and inability to work at unprotected heights or to use a motor vehicle for work purposes. AR at 16. Although Dr. Holmberg opined Plaintiff was limited to no more than frequent fingering and handling only with regard to her right hand, the ALJ further limited Plaintiff to no more than frequent fingering and handling with both her right and left hands. AR at 14, 16. This finding is supported by Plaintiff's July 1, 2016 emergency room examination at ECMC for an unrelated dental problem, when Plaintiff repeatedly denied any neck, back, and joint pain and physical examination was unremarkable, and is consistent with Plaintiff's shoulder impairment, specifically, partial left shoulder supraspinatus thickness tear with subacromial bursitis and calcific tendinitis. AR at 18 (citing AR at 303-34). Insofar as Dr. Holmberg found Plaintiff with limited near and far visual acuity in her left eye, and no limitations in her right eye, AR at 87, the ALJ incorporated these limitations into the RFC, and further found Plaintiff cannot work at unprotected heights or use a motor vehicle for work purposes. AR at 16.

Nor did the ALJ err with regard to Plaintiff's mental impairments; rather, although Dr. Santarpia assessed Plaintiff's with generalized anxiety, Dr. Santarpia did not find Plaintiff had any restrictions with regard to any of the four paragraph B criteria, AR at 340-41, whereas Dr. Small-Austin determined Plaintiff had mild limitations in interacting with others, and adapting and managing herself, but no limitation in understanding, remembering, and applying information, or in concentration, persistence or maintain

14

pace, AR at 84, the ALJ assessed Plaintiff with further limitations of performing only simple, routine tasks, basic work decision, no more than rare changes in the workplace setting, and the need to avoid common workplace hazards such as doorways, open stairwells, and office equipment or furniture.  AR at 16, 23,  Accordingly, the ALJ's RFC determination contains more limitations than those supported by evidence in the record.

In an action challenging an ALJ's determination on an SSA disability application, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).  Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, at 1154 (2019) (internal citation and quotation marks omitted).  Despite the possibility of an alternate interpretation, in this case, the record provides substantial evidence to sustain the ALJ's decision.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 11) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     May 3rd, 2021
           Buffalo, New York